# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CRUISE CONTROL TECHNOLOGIES
LLC,

                Plaintiff,

v.

VOLKSWAGEN GROUP OF AMERICA,
INC., ET AL.,

                Defendants.

_____/

Case No. 14-11524

SENIOR UNITED STATES DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
R. STEVEN WHALEN

## ORDER STAYING CASE

This case was transferred to the United States District Court for the Eastern District of Michigan from the United States District Court for the District of Delaware on April 15, 2014. This is a patent infringement case. On May 31, 2013, the U.S. Patent Office granted Defendant's request for reexamination of the patent-in-suit. The Examiner found that the claims asserted by Plaintiff are not patentable in view of prior art presented by Defendants. Counsel has advised the Court that Plaintiff filed its appeal of that decision on March 12, 2015.

Before the Court now is Defendants' Renewed Motion to Stay Pending Reexamination [10], Plaintiff's Response [17], Defendants' Reply [18], Defendants' Supplemental Brief [20], and Defendant's second Supplemental Brief [22]. For the

reasons that follow, Defendants' Renewed Motion to Stay Pending Reexamination [10] is **GRANTED**.

In the Sixth Circuit, courts consider three factors in deciding whether to stay litigation pending reexamination of the patents-in-suit: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and whether a trial date has been set." *Ralph Gonnocci Revocable Living Trust v. Three M Tool & Mach., Inc.,* 68 U.S.P.Q.2d 1755, 1757 (E.D. Mich. 2003).

The first factor weighs in favor of a stay because Plaintiff is not a business competitor of Defendants'. Plaintiff is simply a patent-holding company and, should Defendants be found liable, legal relief will adequately remedy Plaintiff's claims. Plaintiff will not be unduly prejudiced by a stay.

The second factor weighs in favor of a stay because the U.S. Patent Office's determinations will likely be dispositive of the issues in this case. And if they are not dispositive, the U.S. Patent Office's determinations will significantly narrow the questions for trial.

The third factor weighs in favor of staying this case because the parties have not completed discovery, there is no trial date set; there is not even a scheduling order entered yet in this case. Accordingly,

**IT IS ORDERED** that Defendant's Renewed Motion to Stay [10] is **GRANTED.**

The case is **STAYED** without prejudice to Plaintiff's rights, pending conclusion of the United States Patent and Trademark Office reexamination of the patent-in-suit.

**SO ORDERED.**


                                        s/Arthur J. Tarnow
                                        Arthur J. Tarnow
Dated: March 31, 2015                   Senior United States District Judge